And we'll move to our next case this morning. United States v. Manuel Acuna-Diaz. Ms. Sostock, good morning again. Good morning. May it please the Court, Erin Sostock on behalf of Appellant Manuel Acuna-Diaz. In this instant case, Mr. Manuel Acuna-Diaz entered a plea of guilty to one count of legal reentry of a deported alien. As part of his sentence, the District Court imposed a one-year term of supervised release, despite the fact that the applicable sentencing guideline provides that courts ordinarily should not impose a term of supervised release in a case involving a deportable alien. Additionally, the comment note for that guideline goes on to explain that supervised release is unnecessary unless a defendant is able to return legally to the United States, and it says that if such a defendant illegally returns, the need to afford adequate deterrence and to protect the public ordinarily is adequately served by a new prosecution. Despite the guidelines, in this case, the Court imposed this one-year term of supervised release, and in doing so, the only reasons that were given for imposing this term were the fact that Mr. Acuna-Diaz was in his illegal status, and that he was likely to be deported if he was released, and he would be deported if he tried to re-enter. The reasoning given by the trial court was a procedural error because this rationale directly contradicts what the statutory guidance is with respect to this. The Court did not rely on either deterrence to... What effect do you think the word ordinarily in the guideline has? It must mean that there are some non-ordinary cases where supervised release is appropriate. You seem to be arguing that there can't be any cases where it's appropriate. I'd like you to address what the ordinarily word is doing. I agree. The ordinarily word is doing work, and I think that the committee comment on that actually elaborates on when it is appropriate to impose supervised release on a deportable alien, and it specifically says if the court determines that it's necessary for an added measure of deterrence or protection of the public. Now, in this particular... Now, of course, the district court in this case said exactly those things, so I don't know what you can do with the guideline. You can say that the district court is clearly erroneous in saying those things. I would understand that, but I don't see what purchase you get just from the language of this note. Well, the district court needed to justify its reasoning for going outside what is ordinarily done with deportable aliens. The guideline says that ordinarily deportable aliens should not have supervised release imposed, and it's not the case that the judge couldn't impose supervised release in this case, but the judge needed to provide an actual reason that comported with the purpose and the direction given in the guideline. My observation is the judge said those things, and you don't seem to be arguing that the judge was clearly erroneous in believing those things, that an extra measure of deterrence was appropriate. As I say, if you think he was clearly erroneous, please by all means go ahead and argue that. I think the confusion is that I disagree that he did rely on deterrence here. I actually think that the court did the opposite of relying on deterrence. The court actually presumed that Mr. Acuna-Diaz would re-enter the country. He did not assume that this supervised release provision would help prevent that from happening and go towards showing Mr. Acuna-Diaz that there would be consequences for re-entering the country illegally. That's not what the judge was trying to do. The judge actually said that he basically said, I'm assuming Mr. Acuna-Diaz will re-enter, and when he does, this will provide a much more expedient way for the government to prosecute him. And that is, I believe, I guess to your question, the reasoning is erroneous. Why isn't it better construed as an explanation by the judge of why the supervised release would be a deterrent to re-entry? I'm not sure that, because I believe that's contradicted. It easily admits of that alternative understanding. I understand that there is a definitely different interpretation of what the court said, but I... So if there's an interpretation that makes it proper, wouldn't we defer to that? I don't think that based on what the court specifically said with his assumption, the assumption that Mr. Acuna-Diaz would return into the country, that is what he said at the very end of the sentencing hearing. He said, I fully expect, and that is a direct quote, I fully expect Mr. Acuna-Diaz to return. And so that's not deterring. That is actually acknowledging... Based on his history. Yeah, and I agree that's what the court assumed. And so the judge was explaining what would happen if he did. The judge was explaining... In order to deter him from doing it, I guess we would be up to four times, or would it be five? I'm not sure, Your Honor. I do... I see where you're coming from. This is easily the language of deterrence, an explanation of why the judge was seeking to deter re-entry by imposing a term of supervised release with immediate consequences for re-entry in the form of revocation. So, Your Honor, I do understand what you're saying, but I don't think what the court was doing was in the spirit of deterrence. Actually, his wording, I believe, shows that it wasn't. What he specifically said is, the defendant is going to be deported when he is finished with his federal sentence. There's no doubt about that. So the unlikely event, it's unlikely he will ever be supervised. The purpose of supervised release is for the defendant to be supervised. And so, the court has... The whole rationale for the guideline directions for how to handle supervised release in this context is that supervised release should be imposed as a deterrent to re-entry. As in, not because anybody expects that the defendant is going to be supervised. I understand. So the judge was just paraphrasing the rationale for the guideline. The judge then did go on to say, however, I mean, the judge's personal rationale in this case, I do not believe went to deterrence. The rationale seemed to rely on the expedience of government prosecution and the fact that Mr. Cunha-Diaz could be immediately detained and instead of having the government need to refile another charge against him, which I believe contradicts exactly what is in the committee comment, where the comment and the guidelines acknowledge that a new prosecution serves this exact purpose already. So there's quite a contradiction between what the judge actually said on the record and what the committee comment and the guidelines are advising courts to do with respect to these types of cases. Because the court relied on the reasoning was for expedience of prosecution. Not because he thought there was any chance that this would actually deter Manuel Cunha-Diaz. He actually acknowledges this won't deter Manuel Cunha-Diaz. So I do believe that there's quite a contradiction in the words that were said on the record and the reasoning that was said on the record and the committee comments. And for that reason, I would just ask this court to vacate Mr. Cunha-Diaz's supervised release and remand the matter for further sentencing. Thank you. Ms. Arnolf? May it please the court, Jen Arnolf on behalf of the United States. The district court committed no error in sentencing defendant to a one-year term of supervised release. The sentence was procedurally sound and substantively reasonable. The court articulated a reasoned basis for imposing the sentence, deterrence, and the need to protect the public based on defendant's criminal history. And the court was permitted by law to impose such a sentence, which was at the bottom of the defendant's guidelines range. Turning to the procedural soundness, the district court adequately explained the sentence. The court explained that while defendant would likely need to be deported following his imprisonment, supervised release was necessary to deter him from returning to the United States and committing more crimes. The district court was clear that this sentence was driven in large part by the defendant's multiple illegal entries and his prior commission of drug offenses while in the United States. This was a sufficient rationale to justify a term of supervision, especially where the guidelines explicitly instruct district courts to consider imposing supervised release on deportable defendants when such a term would provide an added measure of deterrence and protection based on the facts and circumstances of the particular case. One of the factors that the court was able to consider was the history and characteristics of the defendant. Looking at the sentencing transcript in context, did, and I'm paraphrasing here, did the court seem to be primarily focused on the activities that the defendant engaged in when he was here in the country? The court was very concerned about that, as the sentencing transcript makes clear. I think the court was particularly bothered by the drug offenses that the defendant had  And so that actually goes to the second rationale beyond deterrence that underlies this sentence of supervised release here. It's also to protect the public. The court, I think, was specific in the transcript in saying that if the defendant were to return to the United States, he expected that the defendant would break drug laws again. And that's at pages 47 and 48 of the sentencing transcript. And so protection of the public was an additional rationale there. Your Honor, the sentencing transcript makes clear that the court had thoroughly reviewed and analyzed the defendant's record. He felt strongly about it. And the language, to Chief Judge Sykes' point, clearly goes to deterrence. In fact, the court said at page 49 of the sentencing transcript that specific deterrence really matters in this case because you've never been able to follow the law up to now. I think based on the defendant's history and characteristics, there was a concern that he would want to return to the United States. But consistent with the guidelines, the imposition of supervised release was intended to provide that added measure of deterrence to help him understand what the consequences would be if he were to try and return unlawfully once again. And Judge Durkan specifically tied that deterrence rationale to the defendant's history of repeatedly reentering the country unlawfully to address any doubt that the previous 14 pages of transcript somehow disconnected his earlier statements about the term of supervised release from his deterrence explanation. Yes, Your Honor. The district court was quite clear on that point. He always imposes supervised release first and then the prison term, apparently? That is what the district court said. But then at the end, he sort of returned and rearticulated the need for deterrence in this case. Your Honor, if the court does not have any other questions, the government would request that the court affirm the district court's judgment. Thank you. Thank you. Ms. Sostak, anything further? We have a little time left. Just very quickly, I just wanted to point out that although the district court did talk about Mr. Acuna-Diaz's history and characteristics, but when it came to actually imposing the supervised release term, the court was very clear that the court was not imposing this to actually deter Mr. Acuna-Diaz because the court assumed Mr. Acuna-Diaz would actually return regardless of whether the supervised release term was entered. The purpose of entering the supervised release term was not deterrence. And that was stated on the record. The purpose was for the ease of prosecution of Mr. Acuna-Diaz when he does inevitably return to the country pursuant to what the court believes will happen. I can't speak to Mr. Acuna-Diaz's motives on my own, but the court was very clear that the purpose of supervised release was not to deter him from returning, but to create a much easier process for the government when he does return, which is not what the purpose of supervised release is, and it's contrary to the guidelines. Thank you. There's no other questions. Thank you. Our thanks to all counsel. The case is taken under advisement.